## No. 9985.

### ALEXANDER KALLMAN VS. HIS CREDITORS.

An opposition charging fraud and undue preference against an insolvent, and seeking to have him debarred from the benefit of the insolvent laws, cannot be maintained, when the act complained of was undone *before* the cession and matters restored to their previous condition, the less so where the transactions appear to have taken place in good faith, and no injury resulted therefrom to the complainants.

The rule of evidence is well recognized and well settled: that, where a litigant resorts to the declarations of another, he must take the whole or none. They are a unit. He cannot use the portions favorable and repudiate the rest.

It has, accordingly been held that, where such party introduces in evidence, without qualification, an instrument of writing, in which the other party has an interest, he cannot be permitted to impeach or gainsay the verity of its statements.

APPEAL from the Civil District Court, for the Parish of Orleans. *Voorhies, J.*

*Braughn, Buck, Dinkelspiel & Hart,* for Plaintiff and Appellant.

*W. S. Parkerson,* for Opponent and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The question presented is: Whether the insolvent has done any act which, under the law, debars him from the benefit accorded to honest debtors who become unable to honor their debts and obligations.

On the 5th of December, 1885, Kallman made a voluntary surrender of his property to his creditors, which was accepted by the court for their benefit.

On the 19th following, Kohlberg & Co., claiming to be his creditors, opposed his application for relief, charging that he had, within the three months next preceding said surrender, made a transfer of all his property to one Fitzner, which was fraudulent, and for the purpose and with the intention of giving him an unjust preference, to their injury.

Preliminary defenses having been overruled and issue being joined, the case was tried before a jury, which returned a verdict for plaintiff

(opponents), and judgment was rendered annulling the decree accepting the cession, and denying to Kallman the benefit of the insolvent laws. From this judgment Kallman appeals.

The claim of the opponents as creditors is shown.

The partnership between Kallman & Fitzner, the latter *in commendam*, is established, and the dissolution of that partnership is likewise shown.

The opponents introduced in evidence an act of sale by Kallman to Fitzner, on November 11, 1885, of all his property, consisting of a cigar store and contents, his rights to a lease, a phæton and harness and a horse, etc., for $3500, stated to have been paid and received. They have also offered in proof an act of rescision of this sale and retrocession of the property on hand and the proceeds of the sold portion. Kallman & Fitzner were also heard as witnesses, etc.

The acts in question were introduced by the opponents without any restriction as to the purpose for which they were offered, i. e., *without any qualification* of object.

As found incorporated in section 1802 *et seq.* of the Revised Statutes, the law enumerates the cases in which an insolvent may be charged with fraud and accused of giving an undue preference to one or more of his creditors, to the injury of the complaining parties, and provides that, when the jury declare in their verdict, on the accusation, that he has been guilty of fraud, he shall forever be deprived of the laws passed in favor of insolvent debtors, in this State, and sentenced to imprisonment for a term not exceeding three years and, if it shall appear that the debtor has only been guilty of conferring an unjust preference, or advantage, upon another *bona fide* creditor, such defendant may be relieved from imprisonment by paying the complaining creditor, or repairing the injury or fraud complained of, etc.

The act of sale of Kallman to Fitzner, as well as the retrocession by the latter to the former, were introduced in evidence by the opponents, as said, *without any qualification.*

It is a general principle of the law of evidence, long recognized and so firmly settled, as to be an axiom, that where either party litigant relies on the admissions, or declarations of his adversary to make out a case against him, the whole of those admissions must be taken together as a unit, and that such party cannot select the favorable portions and repudiate the others. Pratt vs. Fowler, 3d N. S. 454; 9 B, 145; 9 Ann. 163; 14 Ann. 581.

In keeping with that equitable rule of practice, the present court has declared that a party who introduces in evidence, *without qualifica-*

*tion*, an instrument of writing, cannot be permitted to impeach or gainsay the correctness of its recitals. McCleir vs. Insurance Co. 33 Ann. 801.

In the present instance, the act of retrocession contains the joint declarations of Kallman and Fitzner, as to the nature, extent and purport of the act of sale already mentioned.

It alludes specially to that sale, and distinctly declares, that the contract was entered into by them in error of law and fact; that no fraud was intended by either, and that the parties in interest can well be placed in the situation, to all intents and purposes, as they would have been in had said contract not taken place.

It contains the further statement by Fitzner, admitted by Kallman, that he has sold the cigar stock, the phæton and the horse for amounts which are specified; that the unsold property is in kind and returned, the sums realized being deposited in the hands of the notary who passed the act, for safe-keeping.

This took place on the 24th of November, therefore anterior to the voluntary surrender, which was made on the 5th of December following:

On the trial, Kallman & Fitzner were heard as witnesses to prove the sincerity and reality of the transaction.

It may, indeed, well be that Kallman thought that in his straightened circumstances he could legitimately set over all his property to his partner *in commendam*, who had an interest in a proper liquidation of the concern, in trust, as is done elsewhere to an assignee, for the common benefit of his creditors and that, subsequently, when informed that such a course was not sanctioned by the law in this State, Fitzner consenting, the transaction was instantly annulled.

All this : the sale, the retrocession, the cancelling of the lease, the sale of tobacco, carriage and horse ; the deposit of funds realized with the notary, far from showing bad faith and fraudulent design, may well establish precisely the reverse ; particularly, when it is considered that those events transpired *before* the judicial voluntary cession, and that it is not charged or shown that any wrong was actually perpetrated.

It is evident that, when the opposition was filed, the transfer of which complaint is made, had been undone, and that matters had been put back in the condition in which they would have stood had the transfer not taken place.

Practically, that which might, under the law, have possibly been

done *after*, was accomplished before prosecution, and suffices to relieve the insolvent from all imputation.

The opponents then, in point of fact, had no standing in court and, under the circumstances, they cannot be further listened to.

It is unnecessary to determine whether Fitzner was or not, at the date of the transfer, a creditor of Kallman, as, in either case, the transaction assailed must be viewed as having never existed, and as having produced no effect or injury whatever.

The burden was upon the opponents to have proved fraud, or undue preference. They have failed to do either and, on the contrary, have established the reverse.

Hence, it follows, that the verdict of the jury and the judgment upon it, are erroneous.

It is, therefore, ordered and decred, that the judgment appealed from be reversed, that the verdict of the jury be annulled and set aside, and that the opposition of Kohlberg & Co. be rejected, with judgment in favor of Alex. Kallman with costs in both courts.